THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0054-JCC |
| Plaintiff, | ORDER |
| v. | |
| LAWRENCE ROBERT HILL, | |
| Defendant. | |

This matter comes before the Court on Defendant Lawrence Robert Hill's motion for a reduction in sentence (Dkt. No. 35) and the parties' motions for leave to file overlength briefs (Dkt. Nos. 34, 43, 47) and to seal (Dkt. Nos. 36, 45, 49, 53). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Mr. Hill's motion for a reduction in sentence (Dkt. No. 35) and GRANTS the parties' motions for leave to file overlength briefs and to seal (Dkt. Nos. 34, 36, 43, 45, 47, 49, 53) for the reasons explained herein.

I.     BACKGROUND

On December 31, 2016, a Seattle Police Officer arrested Mr. Hill for driving under the influence. (Dkt. No. 23 at 5.) Upon a search of Mr. Hill's pockets and car incident to the arrest, the officer discovered 290.2 grams of heroin, $2,450 in cash, a Safari Supply .45 caliber 1911 semi-automatic pistol, ammunition, and narcotics paraphernalia. (*Id.* at 5–6.) Mr. Hill pled guilty

to possession of heroin with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. (*Id.* at 5.) The Court sentenced Mr. Hill to 84 months of imprisonment followed by five years of supervised release. (Dkt. Nos. 32, 33 at 2–3.)

Mr. Hill now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1). (Dkt. No. 35.) Mr. Hill requests that the Court reduce his sentence and release him because he has underlying health conditions that make him more likely to develop severe illness from COVID-19 and because he is at a higher risk of contracting COVID-19 while incarcerated. (*See* Dkt. Nos. 35 at 3–11, 48 at 1–3, 5.) The Government opposes Mr. Hill's motion. (Dkt. No. 44.)

## II.    DISCUSSION

### A.    Motion for Reduction in Sentence

The Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the Court considers the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i).[1] The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). Although the Ninth Circuit has not directly addressed the issue, at least four Courts of Appeals have held that the Sentencing Commission's relevant policy statement, United States Sentencing Guidelines ("USSG") § 1B1.13, is not "applicable" to a motion for a reduction in sentence filed by a defendant directly (rather than by the Bureau of Prisons) and therefore does not constrain the Court's discretion. *See United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). But even if the policy statement is not

---

[1] As a threshold matter, a defendant must also satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement by first presenting a request for a reduced sentence to the warden of his or her facility and waiting 30 days (or exhausting administrative remedies before the 30-day waiting period expires) before seeking relief from the court. *See United States v. Taylor*, 2020 WL 7383648 (6th Cir. 2020). Mr. Hill has satisfied this requirement. (*See* Dkt. Nos. 35 at 3, 35-1.)

binding, the Court may consider it in the exercise of its discretion. *See Gunn*, 980 F.3d at 1180. The policy statement recommends that courts not reduce sentences of individuals who would present a danger to the community upon release, USSG § 1B1.13(2), and the Court finds that to be an appropriate consideration. *See United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of a motion for reduction in sentence because the defendant was a danger to the community).

Health conditions that increase an individual's risk of a severe case of COVID-19 may constitute extraordinary and compelling circumstances. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020). Mr. Hill is obese, which increases his risk of developing severe illness from COVID-19, and he has urinary issues and gastroesophageal reflux disease related to gunshot wounds he suffered in 2013. (*See* Dkt. Nos. 35 at 3–5, 48 at 1–3.) Additionally, Mr. Hill has been diagnosed with depression and post-traumatic stress disorder, which he argues suppress his immune response and put him at greater risk of contracting COVID-19. (Dkt. Nos. 35 at 5–6, 48 at 3.) In March 2018, Mr. Hill also tested positive for a hepatitis C antibody, which he argues weakens his immune system. (Dkt. No. 48 at 3.) However, because Mr. Hill has failed to demonstrate that he would not present a danger to the community upon release or that a reduction in his sentence would be consistent with the 18 U.S.C. § 3553(a) factors, the Court need not decide whether he has established extraordinary and compelling circumstances.

In assessing whether Mr. Hill would present a danger to the community upon release, the Court looks to the nature and circumstances of his underlying offense, the weight of the evidence against him, his history and characteristics, and the danger that his release would pose to any person or the community. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The nature and circumstances of Mr. Hill's offense were very serious, especially the fact that he possessed a firearm in furtherance of his drug trafficking. (Dkt. No. 23 at 6.) The weight of the evidence was strong, as law enforcement found the drugs, cash, firearm, and ammunition on Mr. Hill's person

and in his car. (*Id.* at 5–6.) Additionally, Mr. Hill has an extensive criminal history evidencing his danger to the community. From 1993 to 2013, Mr. Hill was convicted of 24 offenses. (Dkt. No. 28 at 5–11.) In 1998, Mr. Hill nearly struck Seattle Police Officers with a vehicle when he failed to stop at a stop sign. (*Id.* at 9.) When Mr. Hill fled the scene, officers were forced to pursue him at high speeds. (*Id.*) At one point, Mr. Hill drove on the sidewalk, nearly striking two pedestrians. (*Id.*) Three years later, while Mr. Hill was again fleeing from police, he nearly struck two pedestrians crossing the street. (*Id.*) In 2005, Mr. Hill received a ten-year sentence for possessing a firearm as a convicted felon after threatening to shoot his ex-girlfriend's new boyfriend in the face, shooting at his car, and leaving a recorded message saying that he would "like to light [him] on fire." (*Id.* at 10–11.) Mr. Hill also has a long history of performing poorly on supervised release and probation. (*Id.* at 5–8, 10–11.) For example, his supervision was revoked three times between 2013 and 2016, including once for bursting into a victim's home, pointing a gun in his face, and threatening to shoot him. (*Id.* at 10–11.) Mr. Hill's history of dangerous behavior and poor performance on supervised release in the past show that no conditions of release are likely to assure the community's safety. Accordingly, the Court FINDS Mr. Hill would present a danger to the community upon release.

The section 3553(a) factors also weigh against release. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, and the need to avoid sentencing disparities. *See* 18 U.S.C. § 3553(a). In addition to posing a danger the community, releasing Mr. Hill early would undermine the goals of sentencing. The nature and circumstances of his offense were very serious, and the Court already sentenced Mr. Hill below the guidelines range. (Dkt. Nos. 27 at 1, 33 at 2.) Reducing his sentence even further from 84 months to 49 months would not adequately reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence, or sufficiently protect the public.

//

CR17-0054-JCC
PAGE - 4

**B.     Motions to Seal and Motions to File Overlength Briefs**

Mr. Hill and the Government both move to seal Mr. Hill's medical records. (Dkt. Nos. 36, 46, 49, 53.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court need not decide whether Mr. Hill's motion for a reduction in sentence is a dispositive motion because the Court FINDS that Mr. Hill has a compelling interest in maintaining his medical records under seal and that interest outweighs the public's interest in their disclosure. Accordingly, the Court GRANTS the motions to seal. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013).

Additionally, Mr. Hill and the Government both seek to file overlength briefs. (Dkt. Nos. 34, 43, 47.) Mr. Hill's motion is 16 pages, the Government's response is 13 pages, and Mr. Hill's reply is nine pages. (Dkt. Nos. 35, 44, 48.) The Court FINDS that a motion, response, and reply of these respective lengths are reasonable in light of these circumstances and GRANTS the motions.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Hill's motion for a reduction in sentence (Dkt. No. 35) and GRANTS the parties' motions for leave to file overlength briefs and to seal (Dkt. Nos. 34, 36, 43, 45, 47, 49, 53). The Court DIERCTS the Clerk to maintain Document Numbers 37, 46, 50, and 54 under seal.

DATED this 24th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE