THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>LAWRENCE ROBERT HILL,<br><br>        Defendant. | CASE NO. CR17-0054-JCC<br><br>ORDER |

      This matter comes before the Court on the United States Probation and Pretrial Services Office's ("Probation Office") request for early termination of Defendant's supervised release (Dkt. No. 57). Having thoroughly considered the request and the balance of the record, the Court DENIES the request for the reasons explained herein.

      In 2017, Defendant pleaded guilty to drug and firearm crimes. (Dkt. Nos. 9, 25.) The Court imposed 24 months of imprisonment followed by five years of supervised release. (Dkt. Nos. 33.) In December 2022, that term of supervised release began. (Dkt. No. 57 at 1.) It is set to expire in December 2027. The Probation Office recommends that the Court terminate the balance of Defendant's supervised release, citing Defendant's strong performance to date. (*See id.* at 1–2.) From this, it concludes that Defendant "has derived the maximum benefit from supervision and does not appear to presently pose a risk to the community." (*Id.* at 2.) The Government opposes, suggesting that a lengthier showing of strong performance on supervision

is warranted. (*Id.* at 5.)

A court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §§ 3564(c), 3583(e). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). Early termination of supervised release should be granted only "[o]ccasionally" when "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

After careful consideration of the 18 U.S.C. § 3583(e) factors, the Court finds that early termination is not warranted here, a least not yet. It concurs with the Government that an additional showing of strong performance is required. Probation may renew its request in six to twelve months, assuming Defendant's strong performance continues.

For the foregoing reasons, the Court DENIES the request for early termination (Dkt. No. 57).

DATED this 11th day of July 2024.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE